BOLIN, Judge.
Lillie C. Bass was employed as a secretary in the office of Century Ready Mix at Monroe, Louisiana. While seated at her desk, she was seriously injured by the falling of a light fixture which had been suspended from the ceiling directly above. The Home Indemnity Company, compensation insurer of her employer, paid Mrs. Bass workmen’s compensation and medical expenses. Subsequently Mrs. Bass, joined by Home Indemnity Company, brought suit against Joel F. Jones, the electrical contractor who had installed the light fixture some three and one-half years earlier, and against his liability insurer, Zurich Insurance Company. Home Indemnity Company seeks to recover the sum it has paid or may be required to pay in the future as workmen’s compensation insurer. From judgment rejecting plaintiffs’ demands they appeal.
Primarily the liability of Joel F. Jones is predicated upon specific allegations of negligence in the installation of the light fixture; alternatively, plaintiff urges the *183 applicability of the doctrine of res ipsa loquitur.
We shall outline the facts as we find them. Century Reary Mix made arrangements wtih Mr. Jones to install fluorescent light fixtures in an old wood building which it was renovating for use as its office. The ceiling was constructed of shiplap approximately three-quarters of an inch thick over which was applied sheetrock. Mr. Jones testified that before installing the light fixture he inspected the ceiling and attic and found the shiplap to be sound. Although Mr. Jones says he hung the fixtures in the general areas designated by the owner, nevertheless, he alone decided upon the specific location of the screws after having satisfied himself that each screw would be attached firmly to the wooden shiplap. From the hooked portion of two screws each fixture was suspended by a chain. Several fixtures were so installed, each weighing from thirty to thirty-five pounds. After this installation Mr. Jones performed no further work on the light fixtures.
Approximately three and one-half years following the installation of the lights by defendant Jones, one of the screws holding the fixture above the head of Mrs. Bass came out of the ceiling causing the fixture to fall and strike her on the left side of her head. The exact reason for the screw becoming loosened from the ceiling is not shown.
There is evidence that after Century Ready Mix moved into the building it had the attic insulated. The manager of Ready Mix also admitted the attic had been entered on a number of occasions and for various reasons subsequent to the installation of the electrical fixtures.
The roof of the building had been leaking for some time prior to the accident. Water had collected in the attic and had dripped through the ceiling in several places onto the floor of the office.
We shall direct our attention first to the applicability of the doctrine of res ipsa loquitur, a creature of the common-law engrafted upon our civil law system by our courts. Perhaps no other common-law doctrine has created greater confusion in the Louisiana jurisprudence and we prefer not to add to this confusion by elaborating on the many definitions and applications of this doctrine as delineated in the numerous Louisiana cases decided by our appellate courts. Whatever uncertainties exist as to its meaning it is definitely a rule of evidence and not of substantive law.
Plaintiffs rely mainly on Plunkett v. United Electric Service, 214 La. 145, 36 So.2d 704, 3 A.L.R.2d 1437 (1948) and cases cited therein. In that case suit was filed against defendant who had installed a central heating unit in the attic of a house insured by plaintiff. Some thirty-nine hours after the installation the dwelling burned. The owner of the house established that he had not tampered with the unit since its installation. In applying the doctrine of res ipsa loquitur and holding the defendant liable for damages caused by the installation of the unit, the court pointed out there were a number of factors that must exist. We note the following language from that opinion:
“ * * * plaintiff is required to establish with certainty that the instrumentality installed by defendant is the source of the damage; that he was without fault and that the time elapsing between the installation and the damage was such as to make it reasonably evident that the damage would not have been caused if the device had been free from defect and had been properly installed. * * * ”
In the instant case plaintiff has not shown the instrumentality causing the damage was under the exclusive control of Mr. Jones. In the Plunkett case only a short time elapsed between the installation of the equipment and the injuries. Here, personnel of Century Ready Mix had control of the premises for approximately three *184 and one-half years after Mr. Jones installed the lighting fixtures. During this time they frequently entered the attic and allowed persistent leakage of the roof directly over and around the light fixture. Under these circumstances, the application of the doctrine of res ipsa loquitur is neither logical nor sanctioned by our jurisprudence.
Since plaintiff may not rely upon the doctrine of res ipsa louqitur, in order to shift the burden of proof, it becomes their duty under LSA-Civil Code Articles 2315 and 2316 to prove by a preponderance of evidence the accident was caused by the fault, negligence, imprudence or want of skill of Mr. Jones. Defendants deny any negligence and say they do not know what caused the light to fall. They suggest the possibility of the accident being caused by Century Ready Mix allowing the roof to leak, thereby weakening the boards which allowed the fixture to pull the screw loose from the ceiling.
At the conclusion of the trial the district judge was not satisfied what caused the screw to become loosened. Under these circumstances, he wisely ordered the case reopened for the introduction of additional evidence. Plaintiffs offered the testimony of an architect and a contractor who testified they would not use the type of screw utilized by Mr. Jones. They preferred a nut and bolt construction, or at least, a larger screw with more holding power than the one used by Jones. Defendants’ witness, a construction engineer, said he had made a load test by attaching a screw, similar to the one used by Jones, through a three-eighths inch piece of sheetrock to a 1x6 board, which had been weathered by relatively high moisture content. Without relating in detail the results of his experiment, he concluded Jones was not negligent in using the particular screws for the installation of the light fixture.
The trial judge, in a well-reasoned written opinion, concluded plaintiff had not borne the burden of proving the injuries to Mrs. Bass were caused by the negligence of Mr. Jones. From our review of the record we are unable to find error in his conclusions. To the contrary, we think a finding that this injury was caused by the negligence of the electrical contractor would be based on conjecture and speculation.
The judgment appealed from is affirmed at appellants’ costs.
Affirmed.